UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NICHOLAS BOROVAC,<br><br>    Plaintiff,<br><br>v.<br><br>CHURCHILL COUNTY SCHOOL<br>DISTRICT, et al.,<br><br>    Defendants. | 3:11-cv-0336-LRH-VPC<br><br>ORDER |

Before the court is defendants Carolyn Ross ("Ross"); Kevin Lords ("Lords"); and Churchill County School District's ("CCSD") (collectively "defendants") motion to dismiss. Doc. #11.[1] Plaintiff Nicholas Borovac ("Borovac") filed an opposition (Doc. #22) to which defendants replied (Doc. #26).

**I.    Facts and Background**

On December 3, 2010, Borovac, then a senior within CCSD and a member of his school's wrestling team, hazed and sexually harassed a fellow student and teammate while on an overnight wrestling trip. On December 10, 2010, Borovac was interviewed by defendant Lords, the school principal, about the incident and admitted to these transgressions. Thereafter, Borovac was disciplined by Lords, serving two (2) Saturday detentions and being banned from all overnight trips

---

[1] Refers to the court's docket number.

with the wrestling team.

On December 21, 2010, defendant Lords again interviewed Borovac after the incident was reported to the media. On December 22, 2010, school was dismissed for winter break. On January 10, 2011, the day before school resumed, Lords contacted Borovac's parents and informed them that commencing January 11, 2011, Borovac was suspended from school for ten (10) days. Correspondence was sent confirming the suspension and setting a formal expulsion hearing for January 24, 2011. At the formal disciplinary hearing, defendant Lords presented the charges against Borovac, who was represented by counsel, and testified as to Borovac's confession. The disciplinary panel ultimately suspended Borovac for the remainder of the school year, but permitted him to finish his education through CCSD's distance education program.

On May 10, 2011, Borovac filed a complaint against defendants alleging five causes of action: (1) Due Process violation; (2) breach of contract; (3) negligent hiring, training, and supervision; (4) intentional infliction of emotional distress; and (5) injunctive and declaratory relief. Doc. #1. Thereafter, defendants filed the present motion to dismiss. Doc. #11.

**II.   Legal Standard**

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,

2

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

### III. Discussion

#### A. Due Process

In his complaint, Borovac argues that defendants violated his procedural Due Process rights when (1) he was suspended from school for ten (10) days without notice; (2) was denied an opportunity to review the evidence against him prior to his formal disciplinary hearing; (3) and was disciplined twice for the same offense. *See* Doc. #1. Borovac further alleges that his substantive Due Process rights were violated because his suspension was not rationally related to his underlying conduct, but was instead a response to increased media attention about the incident and

public backlash at administrators. *Id*.

### 1. Ten (10) Day Suspension

Nevada law provides that a student shall not be suspended from school or expelled from the school district until the student has been given notice and an opportunity to be heard. NRS § 392.467(2). However, constitutional due process for school suspensions does not require a formal hearing. *Bd. of Curators of Univ. of Missouri v. Horowitz*, 435 U.S. 78, 86 (1978). For any suspension up to ten (10) days, due process requires only that a student "be given oral or written notice of the charges against him and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story." *Goss v. Lopez*, 419 U.S. 565, 581 (1975). This can be accomplished by an "'informal give-and-take' between the student and the administrative body dismissing him that would, at least, give the student 'the opportunity to characterize his conduct and put it in what he deems the proper context.'" *Bd. of Curators of Univ. of Missouri*, 435 U.S. at 86.

In his complaint, Borovac alleges that the received no notice of the possibility of further discipline when he was again interviewed by defendant Lords on December 21, 2010. *See* Doc. #1. The court has reviewed the allegations in Borovac's complaint and finds that he has sufficiently alleged that he had no notice that the December 21, 2010 meeting could result in further discipline. As such, the court finds that he has sufficiently alleged a claim for violation of his procedural Due Process rights arising from the ten (10) day suspension.

### 2. January 24, 2011 Hearing

For suspensions longer than ten (10) days, constitutional Due Process requires additional procedural protections including representation by counsel, the ability to present witnesses, and the ability to cross-examine adverse witnesses. *See e.g., Black Coal v. Portland Sch. Dist. No. 1*, 484 F.2d 1040, 1044 (9th Cir. 1973).

In his complaint, Borovac alleges generally that he did not have an opportunity to review

4

the evidence against him before his formal disciplinary hearing on January 24, 1011. However, there are no specific allegations as to what evidence he was denied or how that denial deprived him of his Due Process rights, especially in light of the fact this it was his own confession to Lords that served as the basis for the hearing. Therefore, the court finds that Borovac has failed to sufficiently allege a Due Process violation arising from his formal disciplinary hearing.

### 3. Double Jeopardy Claim

In his complaint, Borovac further alleges that his Due Process rights were violated when he was disciplined twice for the same offense. *See* Doc. #1. However, there is no legally cognizable claim for "double jeopardy" in the student discipline context. The double jeopardy clause of the Fifth Amendment "protects only against the imposition of multiple criminal punishments for the same offense." *Hudson v. United States*, 522 U.S. 93, 99 (1997). The discipline meted out in this case was civil. Therefore, Borovac fails to state a claim upon which relief can be granted.

### 4. Substantive Due Process

In his complaint, Borovac alleges that defendants also violated his substantive Due Process rights because the basis of his expulsion was not rationally related to his offense, but was based upon information falsely reported in the media and the disciplinary board's desire for political gain. *See* Doc. #1.

The court has reviewed the allegations in Borovac's complaint and finds that he has sufficiently alleged that his suspension, after already having served his initial discipline, was not rationally related to his offense, but was the result of media and public pressure on CCSD administrators. Therefore, the court finds that Borovac has sufficiently alleged a claim for violation of his substantive Due Process rights.

### B. Breach of contract

In his complaint, Borovac alleges that defendants breached the guidelines of the student athlete handbook. *See* Doc. #1. However, there is no express or implied contract between public

5

secondary schools and their students as a result of a student handbook, including a sport's team code of conduct. *See Brodeur v. Claremont Sch. Dist.*, 626 F. Supp. 2d 195, 217-218 (D. N.H. 2009). Therefore, the court finds that Borovac fails to state a claim for breach of contract.

### C. Negligent Hiring, Training, and Supervision

"The tort of negligent hiring imposes a general duty on the employer to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position." *Burnett v. C.B.A. Sec. Serv., Inc.*, 820 O.2d 750 (pin cite) (Nev. 1991). An employer breaches this duty if he hires an employee when he knew or should have known of the employee's dangerous propensities. *Hall v. SSF, Inc.*, 930 P.2d 94 (pin cite) (Nev. 1996).

Negligent training and negligent supervision are similar claims. Under Nevada law, employers have a duty to properly train and supervise their employees. *Jesperson v. Harrah's Operating Co.*, 280 F. Supp. 2d 1189, 1194-95 (D. Nev. 2002). Negligent training is characterized as a the failure to use due care in giving directions or the failure to anticipate circumstances that are likely to arise. Negligent supervision occurs when an employer fails to anticipate foreseeable employee misconduct or fails to take reasonable precautions to protect third parties.

In his complaint, Borovac alleges generally that CCSD hired employees with a propensity towards committing unlawful acts. *See* Doc. #1. However, Borovac fails to allege that CCSD had any knowledge that its employees would act unlawfully or that CCSD hired any employees knowing of their propensity to commit unlawful acts. Therefore, the court finds that Borovac has failed to sufficiently allege a claim for negligent hiring, training, and supervision.

### D. Intentional Infliction of Emotional Distress

To establish a claim for intentional infliction of emotional distress, a plaintiff must show: (1) extreme or outrageous conduct by defendant; and (2) plaintiff suffered severe emotional distress. *Dillard Dept. Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999). Extreme and outrageous conduct is that which is "outside all possible bounds of decency" and is intolerable in

civil life. *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 25 (Nev. 1998).

Here, there are no allegations that defendants acted in a manner that was outside all possible bounds of decency when disciplining Borovac for hazing and sexually harassing another student. Therefore, the court finds that Borovac fails to state a claim upon which relief can be granted.

**E. Injunctive and Declaratory Relief**

Claims for injunctive or declaratory relief are remedies that may be afforded to a party after he has sufficiently established and proven his claims; they are not separate causes of action. *See e.g., In re Wal-Mart & Hour Employment Practices Litig.*, 490 F. Supp. 1091, 1130 (D. Nev. 2007) (holding that a claim for injunctive relief was not a separate cause of action or independent ground for relief). Accordingly, the court shall dismiss these claims.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #11) is GRANTED in-part and DENIED in-part in accordance with this order. Plaintiff's claims for breach of contract; negligent hiring, training, and supervision; intentional and negligent infliction of emotional distress; injunctive and declaratory relief; procedural Due Process arising from the January 24, 2011 disciplinary hearing; and double jeopardy Due Process are DISMISSED from plaintiff's complaint (Doc. #1). Plaintiff's claims for procedural Due Process violation arising from his ten (10) day suspension and substantive Due Process are NOT DISMISSED.

IT IS SO ORDERED.

DATED this 27th day of January, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE