Ann M. Alexander, Esq.
Nevada Bar No. 7256
ERICKSON, THORPE & SWAINSTON
99 West Arroyo Street
Reno, Nevada 89509
Telephone: (775)786-3930
Facsimile: (775)786-4160
**Attorney for Defendants**

Jason J. Bach, Esq.
Nevada Bar No. 7984
Michael L. Mascarello
Nevada Bar No. 10673
THE BACH LAW FIRM, LLC
6053 S. Fort Apache Rd., Suite 130
Las Vegas, NV 89148
Telephone: (702)925-8787
Fax: (702)925-8788
**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NICHOLAS BOROVAC, | Case No. 3:11-cv-00336-LRH-VPC |
| Plaintiff, | |
| vs. | |
| CHURCHILL COUNTY SCHOOL DISTRICT, a Political Subdivision of the State of Nevada; CAROLYN ROSS, individually and as Superintendent of the Churchill County School District; KEVIN LORDS, individually and as Principal of Churchill County High School; DOES I-XX, inclusive, | [PROPOSED] STIPULATED PROTECTIVE ORDER |
| Defendants. | |

## STIPULATED PROTECTIVE ORDER

To adequately protect material entitled to be kept confidential, pursuant to the Court's authority under Federal Rule of Civil Procedure ("Fed.R.Civ.Proc.") 26(c) and with the consent of the parties hereto, it is hereby ORDERED:

1. **Definitions.**

For purposes of this Order, the following terms shall have the following means:

 a. "Document" shall include all materials, electronic information and tangible things defined as broadly as permitted under Fed.R.Civ.Proc. 34;

 b. "Pleadings" shall refer to all papers, motions, exhibits, etc., filed with the Court;

 c. "Party" or "Parties" shall mean the parties to this action, their current and former officers, employees, agents, attorneys, affiliates and subsidiaries;

 d. "Confidential Information" shall mean and include information within the scope of Fed.R.Civ.Proc. 26(c), or which is a trade secret, proprietary, confidential commericial or business information, or otherwise confidential or private and subject to protection under the Federal Rules of Civil Procedure or Nevada law. Confidential information includes, but is not limited to, documents that are designated as Confidential in accordance with this Order, information contained within such documents, and documents, such as pleadings and discovery responses, that incorporate such information. Confidential information also includes all information to be redacted under Fed.R.Civ.Proc. 5.2.

 e. "Receiving Party" shall mean a party that receives confidential information.

2. **Designating Protected Material.** A party or non-party may designate information disclosed during a deposition or in response to written discovery as "Confidential." All confidentiality designations for documents shall be made in good faith by the parties at the time documents are produced, provided that the inadvertent failure to so designate does not constitute a waiver of any right to make such a designation. The parties may designate documents as "Confidential" after such documents have been produced, with the effect that such documents are thereafter subject to the protections of this Protective Order, unless such documents have already been used in a non-confidential manner by the party seeking to designate them as "Confidential." Documents designated "Confidential" shall be so marked by affixing the legend "CONFIDENTIAL" or similar confidential designation on each page containing any confidential information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies.

3. **Basic Disclosure Principles.** Neither the Parties nor their counsel shall permit disclosure of confidential information to anyone except as provided by this Order, and only after the conditions stated in this Order have been met.

4. **Disclosure of Confidential Information.** Confidential information may not be disclosed to any person except:

   a. Any party;

   b. Counsel for any party, including their paralegals and clerical staff, experts, consultants and in-house counsel;

   c. Experts (whether consulting or testimonial) in this action to whom disclosure is reasonably necessary to the conduct of this action, provided that experts shall not have access to confidential information without having first read, acknowledged, and agreed to be bound by this Order by executing the Agreement to be Bound by Protective Order attached as Exhibit A;

   d. The Court and its personnel;

   e. Court reports engaged for depositions, hearings or trial;

   f. Witnesses in this action to the extent necessary for the conduct of this litigation and who have first signed the Agreement to be Bound by Protective Order attached as Exhibit A;

   g. The author(s) or any recipient of the document or the original source of the information in any document;

   h. Professional vendors that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, etc.) and their employees who have first signed the Agreement to be Bound by Protective Order attached as Exhibit A;

   i. Mediators or other individuals utilized for dispute resolution in this matter who have first signed the Agreement to be Bound by Protective Order attached as Exhibit A; and

   j. Any individual who attends a hearing or trial where confidential information is

1  utilized.

2  5.  **Use of Confidential Information Generally.** Confidential information shall only
3  be used for purposes of this action. The persons or entities identified in Paragraph (a)-(I), above, to
4  whom confidential information is disclosed pursuant to this Order shall not make any copies of or
5  use such confidential information for any purpose, whatsoever, except those related to this action.

6  6.  **Designation of Deposition Testimony.** If in any deposition there is testimony about,
7  or an exhibit containing, confidential information, the portions of the transcript involving
8  confidential information shall be separately bound and such separately bound transcript shall
9  prominently disclose that the transcript contains confidential information. Any such transcript shall
10 be handled like any other document that contains confidential information.

11 7.  **Filing of Materials Containing Confidential Information.** When a party intends
12 to file with the Court, or otherwise introduce into evidence, any documents, testimony, or any other
13 material containing confidential information, counsel for the filing or offering party shall notify
14 counsel for all other parties of such intent. Such notification shall be made within a reasonable time
15 not less than two business days before filing, such that any other party has an opportunity to object
16 to the necessity of the disclosure of the document as presented and to work out an acceptable
17 alternative to the proposed disclosure. For ex parte applications or other filings where two business
18 days' notice is not practical or feasible, the filing party shall notify all other parties of its intent as
19 soon as reasonably possible. The parties shall endeavor to reach agreement on any redactions or
20 other methods which may be available to permit the filing or introduction of the confidential
21 information with the Court, such that the evidentiary objectives of the offering party can be met
22 without disclosure of confidential information.

23 8.  **Filing Under Seal.** No party or non-party shall file or submit for filing as part of the
24 Court record any documents under seal without first obtaining leave of Court. Notwithstanding any
25 agreement among the parties, the party or non-party seeking to file a document under seal bears the
26 burden of overcoming the presumption in favor of public access to papers filed in Court. Provided
27 the Court gives a party or non-party leave to file or submit for filing documents under seal, any such
28 filing or submission for filing under seal shall be in a sealed envelope bearing the designation

4

1  "Confidential: Subject to Protective Order." All filings and submissions for filing under seal shall
2  comply with the Electronic Case Filing Administrative Policies and Procedures Manual of the
3  District Court for the District of Nevada. Any document filed under seal must be emailed directly
4  to opposing counsel, as such a document will not appear on the United States Court's CM/ECF
5  system, and the party making the filing shall notify opposing counsel of the document number of the
6  filing.

7      9.    **Duration.** This Order shall continue to be binding throughout and after the
8  conclusion of this action, including any appeal thereof. This Order, as an Agreement, shall remain
9  in effect until all confidential information is returned to the originating party or destroyed, as
10 provided below. Within thirty (30) days after termination of this action by dismissal, final non-
11 appealable judgment or otherwise, each party shall return to counsel for the originating party all
12 information designated confidential information under this Order, including all copies, prints,
13 excerpts, and other reproductions of said information; however generated or maintained. In the
14 alternative, counsel for any party receiving confidential information may supervise the destruction
15 of all confidential information, including all copies, prints, excerpts, and other reproductions of said
16 information, however generated or maintained. Counsel shall then advise counsel for the originating
17 party in writing that all confidential information, including all copies, prints, excerpts, and other
18 reproductions of said information, however generated or maintained, have been destroyed or
19 returned, except for th ecopies of documents that were filed with the Court, as they are maintained
20 and eventually destroyed pursuant to the firm's document destruction policies.

21     10.    **Limiting Disclosure.** All reasonable efforts shall be made by counsel of record to
22 limit disclosure of confidential information to the minimum number of persons necessary to conduct
23 this action.

24     11.    **Challenges to Confidential Designation.** In the event any receiving party disagrees
25 with any designation of confidentiality, such party shall attempt to resolve such dispute with the
26 designating party on an informal basis. If the dispute is not resolved informally, the receiving party,
27 by motion, may contest the confidential designation. Pending resolution of the motion, the disputed
28 material will continue to be treated as confidential. If the Court determines that any materials are

1  not entitled to confidential treatment, confidentiality will nonetheless be maintained for fifteen (15)
2  days subsequent to the Court's decision unless the Court, upon motion and for good reason shown,
3  shall reduce or lengthen the time.

4      12.    **Declassification.** The restrictions on disclosure and use of confidential information
5  set forth herein shall not continue to apply to information, which, at the time of disclosure, or
6  thereafter, becomes a part of the public domain by publication or otherwise, other than as a result
7  of a wrongful act or failure to act on the part of the party claiming this exclusion. However, the
8  restrictions shall continue to apply if such publication or other disclosure results from criminal,
9  tortious or otherwise unlawful acts or omissions. A party seeking to declassify material designated
10  as confidential information may move the Court for a ruling that the material is not entitled to such
11  status and protection.

12      13.    **Right to Assert Other Objections.** This Order shall not be construed as requiring
13  the parties to produce information or documents which are privileged or otherwise protected from
14  discovery by the Federal Rules of Civil Procedure.

15      14.    **Use During Trial.** This Order is intended to govern the exchange and use of
16  materials, information and documents during discovery, trial preparation, and post-trial proceedings.
17  Questions regarding the use of confidential information during the trial of this action, if any, will be
18  addressed by the Court at a later time prior to or during trial, after reasonable notice to the parties.

19

20      15.    **Subpoena or Order.** If a party is served with a subpoena or an order issued in other
21  litigation or in any other context that would compel disclosure of any confidential information,
22  counsel for such party must so notify counsel for the originating party in writing immediately, and
23  in no event more than three court days after receiving the subpoena or order. Counsel for such party
24  must also inform in writing the party who caused such subpoena or order to issue that some or all
25  of the material covered by the subpoena or order is the subject of this Protective Order.

26      16.    **Enforcement.** This Order and Agreement may be enforced by an Order of specific
27  enforcement, as well as any claim for damages. Nothing in this Order abridges the right of any
28  person to seek its modification by the Court in the future.

1  Agreed to by:

2  Dated: September 11, 2012.                    Dated: September 13, 2012.

3  THE BACH LAW FIRM, LLC                         ERICKSON, THORPE & SWAINSTON, LTD.

4

5  
6  By: _____                  By: _____
   MICHAEL L. MASCARELLO, ESQ.                    ANN M. ALEXANDER, ESQ.
   Attorney for Plaintiff                         Attorney for Defendants
7  NICHOLAS BOROVAC                               CHURCHILL COUNTY SCHOOL DISTRICT,
                                                  CAROLYN ROSS, and KEVIN LORDS
8

9

10                                    ORDER

11     IT IS SO ORDERED.

12     DATED this ____ day of September, 2012.

13

14                                    By: _____
15                                    Honorable Valerie P. Cooke
16                                    UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

7

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, hereby declare that I have received a copy of, read, and understand the Stipulated Protective Ordered entered in <u>NICHOLAS BOROVAC, Plaintiff, v. CHURCHILL COUNTY SCHOOL DISTRICT, a Political Subdivision of the State of Nevada; CAROLYN ROSS, individually and as Superintendent of the Churchill County School District; KEVIN LORDS, individually and as Principal of Churchill County High School; DOES I-XX, inclusive, Defendants,</u> United States District Court for the District of Nevada, Case No. 3:11-cv-00336-LRH-VPC, ON _____ [DATE] (the "Protective Order"). I hereby acknowledge that I have received confidential documents and information, as defined in the Protective Order, and, on pain of contempt of court, I hereby declare that, I will not disclose any part of the confidential documents and information to any third party without consent of an attorney of record in this case. I will use my best efforts to maintain the confidential nature of the documents and information, and I will return or destroy the confidential documents and information in accordance with the terms of the Protective Order.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed on _____ [DATE].


_____
(Signature)


_____
(Printed Name)

8