UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

NICHOLAS BOROVAC,

    Plaintiff,

v.

CHURCHILL COUNTY SCHOOL DISTRICT, et al.,

    Defendants.

3:11-cv-0336-LRH-VPC

ORDER

Before the court is defendants Carolyn Ross ("Ross"); Kevin Lords ("Lords"); and Churchill County School District's ("CCSD") (collectively "defendants") motion for summary judgment. Doc. #42.[1] Plaintiff Nicholas Borovac ("Borovac") filed an opposition (Doc. #45) to which defendants replied (Doc. #48).

**I.   Facts and Background**

On December 3, 2010, Borovac, then a senior within CCSD and a member of his school's wrestling team, severely hazed and sexually harassed a fellow student and teammate while on an overnight wrestling trip. On December 10, 2010, Borovac was interviewed by defendant Lords, the school principal, about the incident and admitted to these transgressions. Thereafter, Borovac was disciplined by Lords, serving two (2) Saturday detentions and being banned from all overnight trips with the wrestling team.

---

[1] Refers to the court's docket number.

On December 21, 2010, defendant Lords again interviewed Borovac concerning alleged photos of the incident and for further clarification of all surrounding facts, including Borovac's direct involvement. On December 22, 2010, school was dismissed for winter break. On January 10, 2011, the day before school resumed, Lords contacted Borovac's parents and informed them that commencing January 11, 2011, Borovac was suspended from school for ten (10) days. Correspondence was sent confirming the suspension and setting a formal expulsion hearing for January 24, 2011. At the formal disciplinary hearing, defendant Lords presented the charges against Borovac, who was represented by counsel, and testified as to Borovac's confession. The disciplinary panel ultimately suspended Borovac for the remainder of the school year, but permitted him to finish his education through CCSD's distance education program, which he did, earning a diploma at the same time as his fellow classmates.

On May 10, 2011, Borovac filed a complaint against defendants alleging five causes of action: (1) Due Process violation; (2) breach of contract; (3) negligent hiring, training, and supervision; (4) intentional infliction of emotional distress; and (5) injunctive and declaratory relief. Doc. #1. In response, defendants filed a motion to dismiss (Doc. #11) which was granted in-part and denied in-part by the court (Doc. #31). In the court's order, the court dismissed all of Borovac's claims for relief except his first cause of action for a Due Process violation as it related to the December 21, 2011 meeting and as it related to his claim for violation of his substantive due process rights. *See* Doc. #31. Thereafter, defendants filed the present motion for summary judgment on Borovac's remaining claims. Doc. #42.

**II.     Legal Standard**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable

2

to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.   Discussion**

    **A. Due Process for Ten (10) Day Suspension**

In his complaint, Borovac alleges that he received no notice of the possibility of further discipline after his initial interview and discipline by defendant Lords on December 10, 2010. *See* Doc. #1. As such, Borovac contends that his subsequent suspension was in violation of his procedural due process rights. *Id.*

Nevada law provides that a student shall not be suspended from school or expelled from the school district until the student has been given notice and an opportunity to be heard.

3

NRS § 392.467(2). However, constitutional due process for school suspensions does not require a formal hearing. *Bd. of Curators of Univ. of Missouri v. Horowitz*, 435 U.S. 78, 86 (1978). For any suspension up to ten (10) days, due process requires only that a student "be given oral or written notice of the charges against him and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story." *Goss v. Lopez*, 419 U.S. 565, 581 (1975). This can be accomplished by an "'informal give-and-take' between the student and the administrative body dismissing him that would, at least, give the student 'the opportunity to characterize his conduct and put it in what he deems the proper context.'" *Bd. of Curators of Univ. of Missouri*, 435 U.S. at 86.

The court has reviewed the documents and pleadings on file in this matter and finds that defendants satisfied all procedural due process requirements prior to suspending Borovac for ten days. Although Borovac was not notified that he could face additional discipline up to and including a ten day suspension after he had already served two Saturday detentions, due process under *Goss* does not require such notification of possible discipline. *See e.g., Foo v. Trustess, Indiana Univ.*, 88 F. Supp. 2d 937, 953 (S.D. Ind. 1999) ("[D]ue process does not require the school official to tell the student the possible sanctions for the original wrongdoing . . . ."). Nor does due process require that all discipline up to and including a ten day suspension be meted out at the same time. *See e.g., Smith v. Seligman Unified Sch. Dist. No. 40*, 664 F. Supp. 2d 1070 (D. Ariz. 2009) (holding that suspensions given two weeks after a meeting with a student are not violations of due process). Rather, due process under *Goss* simply requires an opportunity for the student to respond to the charges against him before discipline is meted out. Only if a student denies the charges against him, does due process require additional safeguards before he is suspended. *See Goss*, 419 U.S. at 581.

Here, the undisputed evidence in this action establishes that Borovac knew the charges against him for severely hazing and sexually harassing another student and that he discussed the incident with defendant Lords. He was further given a full opportunity to tell his side of the story,

4

twice, and describe in detail his initiation and participation in the incident. Further, at no time did he deny his part in the incident. Based on the record before the court, the court finds that Borovac was provided the requisite procedural due process prior to being suspended for ten days. Accordingly, the court shall grant defendants' motion as to this issue.

### B. Substantive Due Process

In his complaint, Borovac also alleges that his substantive due process rights were violated because his suspension was not rationally related to his underlying conduct, but was instead a response to increased media attention about the incident and public backlash at administrators. *See* Doc. #1.

A suspension is not rationally related to an offense if it is "patently unreasonable or disproportionate to the offense." *Alabama & Coushatta Tribes v. Big Sandy School District*, 817 F. Supp. 1319, 1335 (E.D. Tex 1993).

The evidence in this action establishes that Borovac's suspension was rationally related to his offense. Regardless of the school board's additional concerns about media attention arising from the incident or the school board's desire to "send a message," the modest punishment of a single semester suspension imposed against Borovac - during which he was allowed to take distance learning classes and earn his diploma at the same time as his peers - is neither patently unreasonable or disproportionate to his offense. Borovac engaged in actions which included severe hazing, degradation, and sexual harassment of a fellow student. His actions included taping the victim to a table, including taping the victims mouth and eyes shut; pulling down the victim's shorts and exposing his genitalia; spanking the victim with a spatula; placing the victim outside of the room and into a hotel hallway while still taped to the table; throwing condoms on the victim; taking pictures of the victim throughout the entire incident; and urinating on the victim while the victim was in the shower. A one-semester suspension from campus for this vile, admitted conduct is not patently unreasonable or disproportionate.

//

5

Additionally, the court recognizes that the recommendation to the board from defendant Lords to the school board was for expulsion. Yet, the board opted for the much less severe sanction of a single semester suspension with distance learning education. This fact alone significantly diminishes Borovac's claim that he was improperly disciplined because of other considerations including the school board wanting to "send a message." Therefore, the court finds that Borovac's one-semester suspension was rationally related to his offense. Accordingly, the court shall grant defendants' motion as to this issue.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment (Doc. #42) is GRANTED. The clerk of court shall grant judgment in favor of defendants and against plaintiff in this action.

IT IS SO ORDERED.

DATED this 28th day of June, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE